IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE REVOCABLE LIVING TRUST OF JUDITH A. DUNN DATED DECEMBER 16, 1996 JUDITH A. DUNN, TRUSTEE, | § § § § | |
| Plaintiff, | § § | |
| v. | § | 1:18-CV-371-RP |
| QUICKEN LOANS, INC., et al., | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is a Motion to Dismiss Defendant CIT Bank, N.A.'s ("CIT Bank")[1] Cross-Claim Pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6), (Mot., Dkt. 20), filed by Defendants Edwin A. Smith III and Ranene C. Smith (the "Smiths"), and CIT Bank's response, (Dkt. 21). Having considered the parties' briefs, the record, and applicable law, the Court will deny the motion.

## I. BACKGROUND

This case involves a foreclosure sale of the Smiths' home (the "Property"). (Orig. Pet., Dkt. 1-1, at 7–9). Before the sale could be completed, Plaintiff The Revocable Trust of Judith A. Dunn Dated December 16, 1996 Judith A. Dunn, Trustee ("Plaintiff") filed suit to void CIT Bank's lien on the Property and prevent CIT Bank from foreclosing on it. (*Id.* at 9). Plaintiff is the holder of a second lien on the property. (Orig. Pet., Dkt. 1-1, at 7). The Smiths "do not dispute that [CIT] Bank can proceed with the foreclosure and have requested that the Bank proceed." (Mot., Dkt. 20, at 2).

On October 3, 2018, the Court granted CIT Bank leave to file its cross-claim against the Smiths as unopposed because the Smiths failed to file a response to CIT Bank's motion. (Dkt. 9).

---
[1] CIT Bank is the successor in interest to Defendant Quicken Loans, Inc. in this action.

1

Now before the Court is the Smiths' two-page motion seeking to dismiss CIT Bank's cross-claim on grounds that (1) "there is no justiciable controversy" between CIT Bank and the Smiths because the Smiths do not object to foreclosure, and (2) the cross-claim is an "inequitabl[e] request[] that the Court cause the Smiths to fund CIT's legal expenses in litigating against the Plaintiff." (Mot., Dkt, 20, at 2).

## II. LEGAL STANDARD

Motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are subject to the same standard of review. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). The party bearing the burden of proof, however, differs. The movant bears the burden of proof for a 12(b)(6) motion; the party asserting subject matter jurisdiction bears the burden for a 12(b)(1) motion. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Under Rule 12(b)(1), a complaint must be dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal courts have subject matter jurisdiction over civil actions involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In deciding a Rule 12(b)(1) or Rule 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) or 12(b)(1) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Id.* "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

The Smiths' motion is two pages long and lacks any citation to legal authority. The Court construes the Smiths' no-justiciable-controversy claim to be brought under Rule 12(b)(1), and the equity claim to be brought under Rule 12(b)(6). Each argument is addressed in turn.

#### A. No Justiciable Controversy

The Smiths argue that "[b]ecause no controversy exists as to the underlying claim," the Court lacks subject matter jurisdiction over CIT Bank's cross-claim. (Mot., Dkt. 20, at 2). This argument is meritless. The "controversy" with respect to the cross-claim is whether the Smiths owe amounts to CIT Bank under the loan agreement they signed. (Am. Answer, Dkt. 10, at 9). CIT Bank

3

argues that the deed of trust signed by the Smiths permits CIT Bank to defend its interest in "a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under the Security Instrument." (Resp., Dkt. 21, at 3 (citing Deed of Trust, Dkt. 21-1, ¶ 9).[2] The deed of trust provides that "any amount disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument." (*Id.*). That section also expressly contemplates "paying reasonable attorneys' fees to protect [Lender's] interest in the Property" in the event of a legal proceeding "for enforcement of a lien which may attain priority over this Security Instrument." (*Id.*). That is precisely the issue here. The Fifth Circuit, moreover, has held that this language entitles a lender to recover attorneys' fees incurred in litigation affecting the lender's interest in a property subject to a deed of trust. *In re Velazquez*, 660 F.3d 893, 897–900 (5th Cir. 2011).

Accordingly, the Court finds that CIT Bank has met its burden to show that there is a live controversy between it and the Smiths. The Smiths do not challenge the Court's subject matter jurisdiction on any other grounds. Taking as true the Smiths' factual allegation that they do not oppose foreclosure, the Court finds that the Smiths have failed to demonstrate a lack of subject matter jurisdiction over CIT Bank's cross-claim because the fact that the Smiths do not oppose foreclosure is immaterial to it. The Court therefore finds that the Smiths' motion to dismiss under Rule 12(b)(1) should be denied.

### B. Inequitable Payment of Attorneys' Fees

The Smiths' 12(b)(6) argument is that "[t]hrough its non-justiciable claim, it appears that CIT is inequitably requesting that the Court cause the Smiths to fund CIT's legal expenses in litigating against the Plaintiff." (Mot., Dkt. 20, at 2). The only factual basis for this argument appears to be the fact, discussed above, that the Smiths do not dispute that CIT Bank may proceed with foreclosure. (*See id.*). The Smiths provide no citation to legal authority in support of their argument. *See* W.D.

---

[2] The deed of trust is incorporated into the complaint by reference. (*See* Dkt. 1-1, at 11–26). The Court may therefore consider it in ruling on the instant motion to dismiss. *Dorsey*, 540 F.3d at 338.

Tex. Loc. R. CV-7(d)(1) ("Legal authorities supporting any motion must be cited in the motion."). And, they completely ignore the terms of the loan agreement they signed permitting CIT Bank to recover attorney's fees from them in the event of litigation over the Property. Accordingly, the Court finds that the Smiths have failed to meet their burden under Rule 12(b)(6). The Court will therefore deny the Smiths' motion to dismiss under Rule 12(b)(6).

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that the Smiths' Motion to Dismiss Defendant CIT Bank's Cross-Claim, (Mot., Dkt. 20), is **DENIED**.

**SIGNED** on March 12, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE