IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

THE REVOCABLE LIVING TRUST OF §
JUDITH A. DUNN DATED DECEMBER §
16, 1996 JUDITH A. DUNN, TRUSTEE, §
§
     Plaintiff, §
§
v. §          1:18-CV-371-RP
§
QUICKEN LOANS, INC., et al., §
§
     Defendants. §

## ORDER

On September 18, 2020, Plaintiff The Revocable Living Trust of Judith A. Dunn

("Plaintiff") filed an agreed motion to dismiss stating that the parties have resolved their dispute.

(Dkt. 62; *see also* Order, Dkt. 61 (ordering that, in light of the parties' settlement, the parties shall file

dismissal papers, or a joint status report, by September 18, 2020)). The Court construes the motion

to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2).

Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval,

provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274

(5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack

v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Generally, motions for voluntary dismissal

should be freely granted, unless the non-moving party can show it would suffer some plain legal

prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

In light of the parties' settlement and agreement to dismiss Plaintiff's claims against Edwin

Smith and Ranene Smith without prejudice, **IT IS ORDERED** that Plaintiff's motion to dismiss,

(Dkt. 62), is **GRANTED**.

1

**IT IS FURTHER ORDERED** that Plaintiff's claims against Edwin Smith and Ranene Smith are **DISMISSED WITHOUT PREJUDICE**.

The Court will enter final judgment regarding all the claims in this case by separate order.

**SIGNED** on September 21, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE